**WO**                                                                                                                              SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| William Avery Patterson, | No. CV 08-0243-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. |  |
| Officer N. Clark, et al., |  |
| Defendants. |  |

Plaintiff William Avery Patterson, who is confined in the Towers Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1.)[1] The Court will dismiss the action.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $4.77. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

/   /   /

---

[1] "Doc.#" refers to the docket number of filings in this case.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Plaintiff's Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## III. Complaint

Plaintiff alleges one count in his Complaint concerning his arrest. He sues Arizona State Capitol Police Officers N. Clark, K. Watt, and Abril. Plaintiff requests injunctive, compensatory, and punitive relief.

## IV. Failure to State a Claim Based on Abstention

Plaintiff sues Officers Clark, Watt, and Abril pursuant to 42 U.S.C. § 1983 for false imprisonment in violation of his Fourth Amendment rights based on a failure to warn Plaintiff of his <u>Miranda</u> rights in connection with his arrest.[2] The abstention doctrine set forth in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. Further, the <u>Younger</u> abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. <u>Mann v. Jett</u>, 781 F.2d 1448, 1449 (9th Cir. 1986). Further, the <u>Younger</u> abstention doctrine applies while a case works its way through the state appellate process, if a prisoner is convicted. <u>New Orleans Pub. Serv., Inc. v. Council of City of New Orleans</u>, 491 U.S. 350, 369 (1989). The failure to state a claim includes a claim to which the abstention doctrine

---

[2] Review of the state court filings available online reflect that Plaintiff's criminal proceedings remain pending. See http://www.courtminutes.maricopa.gov/docs/Criminal/022008/m3057151.pdf. The Court previously dismissed very similar claims included in Plaintiff's Complaint in <u>Patterson v. Arpaio</u>, No. CV 07-2627-PHX-MHM (DKD) (D. Ariz. Feb. 14, 2008).

applies. See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1224 (9th Cir. 2006); Smith v. Central Ariz. Water Conservation Dist., 418 F.3d 1028, 1030 (9th Cir. 2005).

There is no reason Plaintiff cannot present his claims in the trial proceedings or in appeals therefrom, and disruption by a federal court is not required. Plaintiff's claim and this action will be dismissed pursuant to the abstention doctrine.

**IT IS ORDERED**:

(1) Plaintiff's Complaint and this action are **dismissed** for failure to state a claim. (Doc.# 1.)

(2) The Clerk of Court must enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 20th day of March, 2008.

_____
Mary H. Murguia
United States District Judge